UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN GRAY<br>4561 Phillips Fork Road SE<br>Port Washington, Ohio 43837<br><br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>VILLAGE OF NEWCOMERSTOWN<br>c/o Mayor Steve Guy<br>124 W. Church Street<br>Newcomerstown, Ohio 43832<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, John Gray, by and through counsel, and for a Complaint against Defendant Village of Newcomerstown, states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practice and policy of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all or a substantial part

of the events or omissions giving rise to the claims occurred in Tuscarawas County, Ohio, within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Tuscarawas County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

7. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

8. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

9. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

11. Plaintiff has been employed by Defendant as a full-time police officer for approximately 6.5 years.

12. Plaintiff and other similarly-situated police officers are and were non-exempt employees under the FLSA, and are and were paid an hourly wage.

13. Plaintiff and other similarly-situated employees work more than 40 hours per

week, but Defendant fails to pay them paid overtime compensation for all of the hours they work over 40 in a workweek.

14. Instead, Defendant pays them overtime compensation for the hours they work over 43 in a workweek.

15. Upon information and belief, Defendant will claim that it pays Plaintiff and other similarly-situated employees pursuant to a partial overtime pay exemption for law enforcement personnel who are employed by public agencies on a work-period basis, 29 C.F.R. § 553.201(a).

16. However, this exemption is inapplicable to Plaintiff and other similarly-situated employees because they never work 7 consecutive days.

17. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

19. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current police officers of Defendant Village of Newcomerstown who, at any time between June 16, 2007 and the present, were not paid overtime compensation for the hours they worked between 40 and 43 hours in a workweek.

20. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 10 persons.

21. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

§ 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

22. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

25. By failing to pay Plaintiff and other similarly-situated employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

26. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                /s/ Anthony J. Lazzaro
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                920 Rockefeller Building
                614 W. Superior Avenue
                Cleveland, Ohio 44113
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                anthony@lazzarolawfirm.com
                Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                    /s/ Anthony J. Lazzaro
                                                    Attorney for Plaintiff